UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Richard Lopes,
an individual

Plaintiff,

vs. MINUTE ORDER

Hardware Distributors,
Ltd., R.C. Rubber, and
Jeff Waytashek,

Defendants. Civ. No. 00-1503 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 13th day of June, 2001.

* * *

On June 13, 2001, the Court heard argument on the parties' informal Motion regarding two discovery disputes. At the time of the Hearing, the Plaintiff Richard Lopes appeared by Michael James Cronen, Esq.; the Defendants R.C. Rubber, and Jeff Waytashek, appeared by David M. Lawson, Esq.; and the Defendant Hardware Distributors appeared by Mitchel C. Chargo, Esq.[1]

---

[1]Mr. Chargo informed the Court that his firm was recently retained by Hardware Distributors, who was previously represented by Mr. Lawson but, due to an apparent or potential conflict of interest, separate counsel was required. Mr. Chargo has not been formally noted as counsel of Record, but has advised of his inten-
(continued...)

FILED JUN 13 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The parties have brought two disputes regarding discovery to the Court. The first deals with the deposition of the Plaintiff, which was noticed, on May 23, 2001, for taking on May 31, 2001, in Minneapolis, Minnesota. The discovery deadline in this case was May 31, 2001. Therefore, the Plaintiff believes that the deposition was untimely, as it was scheduled for the last day of discovery. Furthermore, the Plaintiff believes that he should not have to travel to Minnesota for the deposition, as he works and resides in California.

As the deposition was noticed on May 23, 2001, seven days prior to the discovery deadline, which provided the Plaintiff adequate time to prepare for the deposition, and because the deposition was to be held within the discovery deadline, albeit on the last day, we find that it was not untimely, and can go forward. However, we do not believe that the Plaintiff should have to appear in Minneapolis for the deposition. We acknowledge that there is a well-recognized general rule, that a plaintiff is required to make himself available for a deposition in the District in which the suit was commenced, because the plaintiff has chosen the forum voluntarily, and should expect to appear there for any legal proceedings, whereas the defendant, ordinarily, has had no choice

[1](...continued)
tion to promptly do so.

in selecting the action's venue. See, e.g., General Houses v. Marloch Manufacturing Corp., 239 F.2d 510, 514 (2nd Cir. 1956); Gibbs v. National R.R. Passenger Corp., 170 F.R.D. 452, 453 (N.D. Ind. 1997); South Seas Catamaran, Inc. v. Motor Vessel Leeway, 120 F.R.D. 17, 21 (D.N.J. 1988). At best, however, this is a general rule which is subject to exception when the plaintiff can make a compelling showing that its application would impose an unduly heavy burden, or that the overall efficiency of the discovery process would be better served by deposing the plaintiff outside of the forum District. See, Federal Practice & Procedure: Civil 2d §2112 at 77-81, and cases cited therein.

In this case, the Plaintiff's attorney was in Minnesota from May 14-20, 2001, taking the Defendants' depositions. He then returned to California. Upon arriving in California, he received notice of the Plaintiff's deposition, which was scheduled for a week and one-half later. While the Defendants contend that they did not know, until the week that Plaintiff's counsel was in Minneapolis, that they needed to depose the Plaintiff, we will not penalize the Plaintiff for the Defendants belated election to take his deposition. The Defendants plainly knew that the Plaintiff's attorney would be in town, during the week of May 14, 2001, as he made his travel plans clear. They should have attempted to arrange a suitable time to depose the Plaintiff, which would have negated

a second trip to Minneapolis by the Plaintiff's attorney, and would have economized on the costs of litigation. Thus, we will not direct the Plaintiff to appear in Minneapolis for the deposition, and the Defendants will either have to travel to California for the deposition of the Plaintiff, or make other arrangements, such as conducting the deposition by telephone, or arranging for counsel in California to take the deposition.

The second dispute relates to paper discovery requests, which the Defendants served on the Plaintiff on May 23, 2001. The Plaintiff then had thirty days to respond to these requests. As the discovery deadline ended on May 31, 2001, these requests could not be completed by the discovery deadline, and the Plaintiff is excused from responding to this paper discovery.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's informal Motion for a Protective Order is GRANTED, in part, and DENIED, in part.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE