UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Richard Lopes,
an individual

Plaintiff,

vs. ORDER

Hardware Distributors,
Ltd., R.C. Rubber Company,
and Jeff Waytashek,

Defendants. Civ. No. 00-1503 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 21st day of September, 2001.

## I. Introduction

On August 2, 2001, the Court took under advisement the Defendants' Motions for Leave to Designate an Expert Witness Out-of-Time, and to Compel the Disclosure of the Plaintiff's Infringement Expert Witness Opinions or, in the alternative, to Strike the Plaintiff's Infringement Expert Witnesses. For purposes of these Motions, the Plaintiff Richard Lopes ("Lopes") appeared by Michael James Cronen, Esq.; the Defendants R.C. Rubber Company ("R.C. Rubber") and Jeff Waytashek ("Waytashek"), appeared by Mark A. Al, Esq; and the Defendant Hardware Distributors, Ltd. ("Hardware Distributors") appeared by Mitchel Craig Chargo, Esq.

(41)

FILED SEP 21 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

For reasons discussed below, we grant the Defendants' Motion to Designate an Expert Witness Out-of-Time, we grant, in part, their Motion to Compel Disclosure of the Plaintiff's Infringement Expert Witness Opinions, and we deny their alternative Motion to Strike the Plaintiff's Infringement Expert Witnesses, as moot.

II. Factual and Procedural Background

This case involves an action for patent infringement. Lopes possesses two patents for compressible spacers, that are used in center panel doors. The spacers are designed to accommodate the expansion of wood, prevent squeaks, and provide a tight joint. Lopes contends that the Defendants are infringing his patents by manufacturing, and selling, rubber parts as components for constructing expansion joints, which are sold under the name "Panel Spaces," and which are substantially identical to Lopes' patent.

By Order dated November 15, 2000, we set the expert disclosure deadline at April 30, 2001, while the non-dispositive Motion deadline was set for June 30, 2001. On March 30, 2001, Lopes disclosed his expert witnesses to the Defendants, at which time he identified Thomas F. Smegal, Jr. ("Smegal"), and Donald Kluge ("Kluge"), as his infringement experts. The written expert reports of these individuals were not attached to the disclosures, however, as the Defendants had not, at that point, served their initial disclosures, or responded to discovery requests by the Plaintiff.

The same day, Lopes also filed a Motion to Compel, with this Court, seeking an Order that would compel the Defendants to complete their initial disclosures, and to respond to the outstanding discovery requests. By the time the Court heard the Motion on April 27, 2001, the Defendants had served many of the requested responses, as well as their initial disclosures. The Motion to Compel was denied, without prejudice, as to the remaining disputes, however, as the parties had not complied with their "meet and confer" obligations. On April 30, 2001, which was the deadline for the disclosure of expert witnesses, the Defendants served a disclosure, in which they identified Duane Ley as a non-infringement expert witness.

Through mid-June of 2001, all three Defendants were jointly represented by David M. Lawson, Esq. However, on June 22, 2001, Hardware Distributors obtained separate counsel. Thereafter, on June 27, 2001, R.C. Rubber and Waytashek also obtained new counsel. Since that time, the Defendants have determined that they failed to timely disclose James H. Patterson ("Patterson") as a noninfringement expert witness. Thus, they now seek to identify Patterson as an expert witness, even though the deadline for such a designation was April 30, 2001, and the deadline for nondispositive Motions was June 30, 2001. They also seek to compel Lopes to produce the

written expert opinions of Smegel and Kluge. Lopes opposes the Motions.

III. Discussion

A. Defendants' Motion to Designate an Expert Witness Out-of-Time.

1. Standard of Review. As the Defendants readily admit, they failed to timely denote Patterson as an expert witness, and also failed to file this Motion within the deadline for nondispositive Motions. They seek permission to make such a designation now, however. Unfortunately, the Defendants' Motion is not unique. As we have previous stated:

> Obedience to the constraints of the Scheduling Orders of the Court is critical, if the Court is to capably perform its case management responsibilities. Tomlin v. Holecek, 158 F.R.D. 132, 135 (D. Minn. 1994); Jochims v. Isuzu Motors, Ltd., 144 F.R.D. 350, 356 (S.D. Iowa 1992), citing Gestetner Corp. v. Case Equipment Co., 108 F.R.D. 138, 141 (D. Me. 1985). Accordingly, the "flouting of discovery deadlines cause substantial harm to the judicial system." Jochims v. Isuzu Motors, Ltd., supra. Nevertheless, blind adherence to the time constraints of a Scheduling Order, without a proper regard for the bases and effects of the non-compliance, may well be inconsistent with the dominant interest of a Trial in ascertaining the truth. Dabney v. Montgomery Ward & Co., 692 F.2d 49, 52 (8th Cir. 1982), cert. denied, 461 U.S. 957 (1983); Bradley v. United States, 866 F.2d 120, 127 n. 12 (5th Cir. 1989).

Upsher-Smith Labs., Inc. v. Mylan Labs., Inc., 944 F. Supp. 1411, 1438 (D. Minn. 1996); see also, Tomlin v. Holecek, supra at 135.

In recognition of such circumstances, our Court of Appeals has developed a flexible standard to be applied when analyzing whether to exclude testimony from a case, in order to preclude fundamental unfairness at the time of Trial. See, Upsher-Smith Labs., Inc. v. Mylan Labs., Inc., supra at 1438, citing Boone v. Moore, 980 F.2d 539, 541 (8th Cir. 1992), citing in turn Wilson v. Beloit Corp., 921 F.2d 765, 768-69 (8th Cir. 1990).

The Court has, in fact, applied two different tests in determining whether to exclude the testimony of a witness not made know in a manner complying with a Pretrial Order. See, Marti v. City of Maplewood, 57 F.3d 680 (8th Cir. 1995); Millen v. The Mayo Foundation, 170 F.R.D. 462, 465 (D. Minn. 1996). The first test was enunciated in Patterson v. F.W. Woolworth Co., 786 F.2d 874, 879 (8th Cir. 1986), in which the Court set out the following factors:

> 1. the reasons the party fails to name the witness;
>
> 2. the importance of the testimony;
>
> 3. the amount of time the opposing party needs to properly prepare for the testimony; and
>
> 4. whether a continuance would in some way be useful.

Id.; see also, Citizens Bank v. Ford Motor Co., 16 F.3d 965, 966 (8th Cir. 1994); Boone v. Moore, supra at 541-42; Upsher-Smith Labs., Inc. v. Mylan Labs., Inc., supra at 1438; Tomlin v. Holecek, supra at 136.

The second test, which was formulated in Morfeld v. Kehm, 803 F.2d 1452, 1456 (8th Cir.1986), considers the following:

> 1. the prejudice or surprise in fact of the party against whom the excluded witness would have testified;
>
> 2. the ability of that party to cure the prejudice;
>
> 3. the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court;
>
> 4. bad faith or willfulness of the party failing to comply with the court's order.

See also, Martinez v. Union Pacific R. Co., 82 F.3d 223, 227 (8th Cir. 1996).

We apply an amalgam of these two tests in assessing the Defendants' failure to timely disclose Patterson as an expert witness.

2. Legal Analysis. Although we find that this is a close case, upon reviewing the factors outlined in both applicable tests, we conclude that the Defendants' untimely designation of Patterson, as an expert witness, should be allowed. First, we note that the Defendants clearly have not shown any cause, other than oversight, neglect, or inadvertence, for not timely denoting Patterson as an expert. "In and of itself, such an explanation for untimely expert disclosures is insufficient to warrant an exclusion of the testimony of those experts who were so belatedly disclosed." Tomlin v. Holecek, supra at 136, citing Citizens Bank v. Ford Motor

Co., supra at 967, and Boone v. Moore, supra at 542; see also, Upsher-Smith Labs., Inc. v. Mylan Labs., Inc., supra at 1140. We have not found, however, any evidence of bad faith or willfulness, on behalf of the Defendants, in their failure to comply with the Pretrial Order. See, Morfeld v. Kehm, supra at 1456. Thus, we move on to the remaining factors.

Next, although the Defendants admit that Patterson's testimony may not ultimately be necessary, there is still the possibility that it could be needed in regard to the Defendants' noninfringement argument. As the Defendants state, there are two basic inquiries involved in a patent infringement analysis. First, the scope of the asserted claims is determined. Second, it is determined whether the properly interpreted claims encompass the accused structure. See, Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995). Construing the claims is done as a matter of law by the Trial Judge. Id. at 372. Thus, the Court first looks to the intrinsic evidence of Record, including the claims, the patent specification, and the patent's prosecution history. Id. at 979; see also, Vitronics Corp. v. Conceptronic, 90 F.3d 1576, 1582 (Fed. Cir. 1996). Therefore, as Defendants admit, the case could potentially be resolved at a Markman Hearing, without the use of experts. However, if the case survives the Markman Hearing, the

Defendants contend that Patterson could be crucial to their argument of noninfringement.

In contrast, Lopes argues that the Defendants have already identified a patent attorney, Lawrence Nawrocki ("Nawrocki"), as a witness who will provide an opinion on the issue of patent infringement. Thus, they believe that Patterson's testimony would be cumulative. However, it is not clear whether Lopes has identified Nawrocki as an expert witness. There is no indication in the Record that Nawrocki was specifically identified as an expert.[1] Rather, the sole expert witness identified by Lopes was Duane Ley. Moreover, even if Nawrocki has been identified as an expert, we could not determine, on the Record presented, whether Patterson's proposed testimony would be unnecessarily cumulative of Nawrocki's. Rather, we leave such a determination to the District Court, through a properly supported Motion <u>in limine</u>, if necessary. Thus, we find that Patterson's testimony could ultimately prove necessary, and that, on the Record presented, it does not appear to be cumulative.

Third, and most problematic to the Defendants, is the question of prejudice. Unlike the circumstances in <u>Tomlin v. Holecek</u>, supra

---

[1]The only mention in the Record of Nawrocki is through the deposition of Waytashek, where he identified his attorney, Nawrocki, as an individual who provided an oral opinion regarding the infringement of Lopes' patents.

at 136, where the party opposing the late identification of the expert witness actually knew the content of the expert's opinions well in advance of the Motion, because the expert had been disclosed by other defendants in the case, and because the opposing party had deposed the expert in a previous matter, Lopes had no knowledge of Patterson, or Patterson's opinions, until he was designated by the Defendants as an expert in this case in late June, or early July of 2001. Rather, the circumstances of this case are more analogous to those present in Upsher-Smith Labs., Inc. v. Mylan Labs., Inc., supra at 1139, where the newly identified expert had not been known to the opposing party. There, however, this Court determined that any potential prejudice could be cured by directing the newly identified expert to promptly, and completely, provide a detailed expert report. Moreover, the opposing party was able to conduct a deposition of the newly identified expert. Id.

Here, the Defendants have agreed to produce a detailed expert report from Patterson, within fourteen days after this Court's Order allowing Patterson to appear as an expert. Moreover, Lopes should be permitted to depose Patterson after Lopes receives that report. With these safeguards in place, we conclude that any potential prejudice to Lopes can be successfully cured.

Finally, we do not believe that the designation of Patterson as an expert witness will require a continuation of the Trial. The parties are just in the middle of preparing their Summary Judgment papers, and the Defendants assure us that Patterson's testimony will not be used in support of any Markman Hearing. Thus, on this Record, we conclude that the Defendants should be allowed to designate Patterson as an expert witness, even though such a designation falls outside of the deadlines set in our Pretrial Order. Accordingly, we grant the Defendants' Motion for Leave to Designate an Expert Witness Out-of-Time.

B. Defendants' Motion to Compel the Plaintiff to Disclose Written Expert Witness Opinions.

The Defendants have asked us to direct Lopes to provide them with the expert reports of Smegal and Kluge. We note that the Defendants do not seek to exclude the reports, except alternatively, if the Court were to determine that the Defendants could not belatedly identify Patterson as an expert witness -- which we have not. Therefore, we deny the Defendants' alternative Motion to Strike, as moot. Moreover, we note that, due to the late disclosures and discovery responses provided by the Defendants, Lopes was unable to fully complete his expert disclosures by the April 30, 2001, deadline. Nonetheless, he did identify both Smegal and

Kluge, as expert witnesses, by that deadline, but did not provide any written expert reports.

To the extent that this Motion is directed at Smegal's report, his report was provided to the Defendants in late July or early August of 2001. Therefore, with regard to Smegal, the Defendants' Motion is moot. In regard to Kluge, Lopes informs us that he has recently determined that Kluge's testimony is likely going to be in regard to factual matters, rather than an opinion. However, to the extent that an expert report is necessary, he has assured us that he will be serving the expert report shortly. Therefore, we direct Lopes to immediately provide the Defendants with the expert report of Kluge, if such a report is required. To that extent, we grant the Defendants' Motion to Compel Disclosure of the Plaintiff's Infringement Witness Opinions.

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendants' Motion for Leave to Designate an Expert Witness Out-of-Time [Docket No. 28 and 32] is GRANTED.

2. That the Defendants' Motion to Compel Disclosure of the Plaintiff's Infringement Expert Witness opinions [Docket No. 28 and 32] is GRANTED, in part, and DENIED, in part, as moot.

3. That the Defendants' Motion to Strike the Plaintiff's Infringement Expert Witnesses [Docket No. 28 and 32] is DENIED, as moot.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE